# UNITED STATES BANKRUPTCY COURT
## Northern District of California

| In re Debtor(s): | Case No.: 08–40911 MEH 13 Chapter: 13 |
|---|---|
| Martin Guardado<br>1139 Deer Park Rd<br>Oakley, CA 94561 | Ana Maria Guardado<br>1139 Deer Park Rd<br>Oakley, CA 94561 |
| Social Security No.:<br>xxx–xx–2916 | xxx–xx–7513 |
| Employer's Tax I.D. No.: | |

# DISCHARGE OF DEBTOR AFTER COMPLETION
# OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

Dated: 2/11/13

By the Court:

M. Elaine Hammond
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injury or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**